OLIVARI, PLAINTIFF AND APPELLEE, *v.* BARLETTA & COMPANY, DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Mayagüez in an Action of Debt.

No. 1785.—Decided June 28, 1918.

DEMURRER—COMPLAINT—FRIVOLOUS PLEADING.—The defendants' allegation that the complaint in this case does not state facts sufficient to constitute a cause of action is frivolous, for the complaint contains all of the allegations necessary for obtaining a judgment against the defendant for the amount claimed therein.

ID.—ID.—Although the third allegation of the complaint might have been more specific as regards the bankruptcy of R. B. Barletta & Company and their agreement with their creditors to pay twenty per cent of their debts, nevertheless it sets up these facts with sufficient clearness.

The facts are stated in the opinion.

*Messrs. Francis & Soto* for the appellants.

*Messrs. Benet & Souffront* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The plaintiff in this case alleged in his complaint:

1. That he together with defendants Vicente Barletta & Company, the firm of R. B. Barletta & Company and José Olivari, jointly signed an obligation, which is copied into the complaint, for the sum of $1,200 in favor of a bank.

2. That at the request of said bank the plaintiff paid to it in various instalments the principal and interest amounting to $1,325.57.

3. That the plaintiff received from R. B. Barletta & Company the sum of $240 under a composition of 20 per cent offered and accepted by their creditors in settlement in the bankruptcy of said firm.

4. That José Olivari, one of the signers of the note, is insolvent and the plaintiff has been unable to collect from him his proportional share of said obligation.

5. That the plaintiff has demanded of defendants Vicente Barletta & Company the payment of $542.73, the proportionate part which they should pay as joint debtors after deducting the $240 paid by R. B. Barletta & Company, plus $50,

representing one-half of the interest on the debt paid by the plaintiff in instalments, or a total of $592.73, but the defendants have refused to pay the said amount.

The defendants demurred to the complaint, alleging that it did not state facts sufficient to constitute a cause of action, but the court overruled the demurrer on the ground that it was frivolous and rendered judgment for the plaintiff as prayed for. From that judgment the defendants raised the present appeal.

The demurrer of the defendants was, in fact, frivolous, for the complaint contains all the allegations necessary to support a judgment against the defendants for the $592.73 sued for, because, as it appears from the allegations and from the note transcribed that the obligation was a joint one for $1,200, there is no doubt that the four signers of the note were equally obliged to pay the amount at its maturity and that as the plaintiff paid the whole amount, he has a right to sue his codebtors for their proportional parts of the debt; and as R. B. Barletta & Company, being bankrupts, paid only 20 per cent under the composition made with their creditors and the other debtor, José Olivari, is insolvent, the plaintiff has the right, after deducting the $240 paid by R. B. Barletta & Company, to collect from the defendants one-half of the balance of the principal and interest.

Although the appellants insist that the complaint does not state facts sufficient to constitute a cause of action because the third allegation does not show that there was an adjudication in bankruptcy, or that there was a composition with the creditors, and although it is true that the said allegation might have been made more specific on these points, nevertheless it is sufficient to show that the said firm was in bankruptcy and that it entered into an agreement with its creditors to pay them 20 per cent of their claims.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.